**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 27 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANA MARIA DIAZ-JIMENEZ; E.S.D.,

Petitioners,

v.

TODD BLANCHE, Acting Attorney General,

Respondent.

No. 22-1785

Agency Nos.
A209-433-005
A209-433-006

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 23, 2026**
Pasadena, California

Before: FRIEDLAND and MILLER, Circuit Judges, and SCARSI, District Judge.***

Ana Maria Diaz-Jimenez and her minor daughter, both natives and citizens

of El Salvador, petition for review of a decision of the Board of Immigration

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Mark C. Scarsi, United States District Judge for the Central District of California, sitting by designation.

Appeals dismissing their appeal from an immigration judge's order denying their applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review the Board's decision and those parts of the immigration judge's decision that the Board expressly adopted. *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). We review the agency's factual findings for substantial evidence, including its findings about a persecutor's actual motive. *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023). We review de novo the agency's legal conclusions, including whether a persecutor's motives meet the nexus standard. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc); *Umana-Escobar*, 69 F.4th at 552.

1. The Board did not err in determining that Diaz-Jimenez did not establish a nexus between the harm she suffered, or fears, and a protected ground. For asylum, the petitioner must show that a protected ground will be "at least one central reason," and for withholding of removal, "a reason," for the feared harm. *Barajas-Romero v. Lynch*, 846 F.3d 351, 359 (9th Cir. 2017); *see also* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A), (C).

Diaz-Jimenez argues that she was singled out for persecution because of her family membership. Even if we were to assume that Diaz-Jimenez's family membership is a "particular social group" such that it qualifies as a protected

ground, 8 U.S.C. § 1158(a)(2)(A), substantial evidence supports the Board's determination that the gang members who held Diaz-Jimenez and her family hostage in her house and beat and threatened her former partner did so in an effort to "flee capture by the police and enrich themselves," not because of family membership. A "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Because the record contains no evidence that the gang members harbored any animus towards her family and instead shows that they were engaged only in generalized criminality, Diaz-Jimenez has not established a nexus to her proposed social group. *See Rodriguez-Zuniga*, 69 F.4th at 1020–21; *Zetino*, 622 F.3d at 1016. Therefore, her asylum and withholding claims fail.

2. Diaz-Jimenez's challenge to the denial of CAT relief is forfeited. In her counseled brief in her administrative appeal, Diaz-Jimenez mentioned the CAT claim only twice, both times in passing: once in the statement of facts and once in an argument heading. But she presented no arguments concerning the CAT claim. A petitioner is "deemed to have exhausted only those issues he raised and argued in his brief." *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam). As the Board recognized, the passing references in Diaz-Jimenez's brief were not enough to put the Board on notice that it was required to consider her

CAT claim. *See id.* (when a petitioner files a brief before the Board, the Board "is entitled to look to the brief for an explication of the issues that [the] petitioner is presenting to have reviewed"). The Board therefore appropriately determined that Diaz-Jimenez forfeited any challenge to the denial of CAT protection. *Alanniz v. Barr*, 924 F.3d 1061, 1069 & n.8 (9th Cir. 2019) (holding that the Board correctly deemed CAT claim forfeited where petitioner mentioned the issue only in the introduction and conclusion and presented no argument).

**PETITION DENIED.**